UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

    Plaintiff,[1]

v.

CASOLEIL HOMEOWNERS ASSOCIATION; LVDG, LLC d/b/a LVDG SERIES 109; THUNDER PROPERTIES, INC.; and ALESSI & KOENIG, LLC,

    Defendants.

Case No. 3:16-cv-00307-MMD-WGC

ORDER

## I. SUMMARY

This matter arises from a non-judicial foreclosure sale ("HOA Sale") of real property located at 4892 Bougainvillea Drive, Sparks, NV 89436 ("Property") to satisfy a homeowners' association lien. Before the Court are Defendant Casoleil Homeowners Association's ("HOA") motion for summary judgment and Plaintiff Bank of America, N.A.'s ("BANA") motion for the same. The dispositive issue is whether BANA's first deed of trust was protected from being extinguished by the HOA Sale due to 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") acting to protect the Federal National Mortgage Association's ("Fannie Mae") property interest. Because the Court finds the Federal Foreclosure Bar applies here, the Court will grant BANA's motion and therefore denies the HOA's motion.[2]

///

///

///

---

[1] This action was brought by U.S. Bank National Association ("U.S. Bank"), but the Court later granted U.S. Bank's motion to substitute Bank of America, N.A. as Plaintiff. (ECF Nos. 48, 52.)

[2] In addition to the motions, the Court has considered the relevant responses (ECF Nos. 77, 78) and replies (ECF Nos. 81, 82).

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

In October 2006, Steven M. Tyler and Melva D. Tyler ("Borrowers") obtained a loan ("Loan") from American Home Mortgage ("Lender") for $236,627.00. (*E.g.*, ECF No. 76-2 at 2–4.) The Loan was secured by a deed of trust ("DOT") recorded against the Property and Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee beneficiary on the DOT. (*Id.*) The DOT also granted Lender a security interest in the Property to secure the repayment of the Loan. (*Id.*)

BANA has provided the affidavit of Fannie Mae's Assistant Vice President, Graham Babin, and Fannie Mae's business records accompanying Babin's declaration, evidencing that Fannie Mae purchased the Loan in December 2006, and thereby obtained the Lender's property interest in the DOT. (ECF No. 76-3 at 3–4, 7; *see also* ECF No. 76-4 at 3 (Barnfield declaration also provided that "Fannie Mae acquired ownership of the Loan in or about December 2006 and has owned the Loan ever since").)

On August 28, 2009, MERS, as nominee for Lender and Lender's successors and assigns, recorded an assignment of the DOT to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BAC"). (ECF No. 76-5.) BAC merged into BANA on July 1, 2011. (ECF No. 76-6.) A June 24, 2013 recording reflects that BANA assigned the DOT to Fannie Mae. (ECF No. 76-7.)

The Borrower failed to pay HOA assessments. The HOA, through its agent Alessi & Koenig, LLC ("Alessi"), recorded a notice of delinquent assessment lien on November 30, 2010, and a notice of default and election to sell on February 24, 2011. (ECF Nos. 76-12, 76-13.) A trustee's deed upon sale was recorded on June 27, 2013, providing that the Property was sold at the HOA Sale to Defendant LVDG, LLC d/b/a LVDG Series 109 ("LVDG") for $16,000 on June 6, 2013 (ECF No. 76-14). On July 22, 2015, a Grant Deed from LVDG to Thunder Properties Inc. ("Thunder") was recorded. (ECF No. 76-15.)

///
///

Fannie Mae maintained ownership of the Loan at the time of the HOA Sale. (ECF No. 76-3 at 3–4, 7; *see also* ECF No. 76-4 at 3.) BANA was Fannie Mae's loan servicer at that time and the current servicer of the Loan. (ECF No. 76-7; ECF No. 76-3 at 4, 7–17.)[3]

BANA's predecessor—U.S. Bank—filed the Complaint on June 6, 2016, asserting the following five claims for relief: (1) declaratory relief under the Federal Foreclosure Bar against all Defendants; (2) quiet title under the Federal Foreclosure Bar against LVDG and Thunder; (3) breach of NRS § 116.1113 against the HOA and Alessi; (4) wrongful foreclosure against the HOA and Alessi; and (5) injunctive relief against Thunder. (ECF No. 1.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),

///

---

[3]There were additional assignments of the DOT between September 2013 and July 2017—when the DOT was assigned back to BANA. (ECF Nos. 76-8, 76-9, 76-10, 76-11.)

3

and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.    DISCUSSION**

    **A.    Judicial Notice**

The Court grants BANA's request for judicial notice (ECF No. 76 at 8–9) of the following: (1) facts derived from the publicly available records of the Washoe County Recorder; (2) Federal Housing Finance Agency's ("FHFA") statement ("FHFA Statement") available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; and (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. The Court also takes judicial notice of Fannie Mae's Single-Family Servicing Guide available on its website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance

///

Corporation's website); *see also Berezovsky v. Moniz*, 869 F.3d 923, 932 n.9 (9th Cir. 2017) (taking judicial notice of Freddie Mac's servicing guide).

**B.     Preliminary Issues**

The HOA contends that BANA's claims against it are time-barred because BANA's claims are based on alleged failure to follow procedures of a non-judicial foreclosure sale and are therefore subject to a 45-day or 60-day statute of limitation under NRS § 107.080(5)–(6). (ECF No. 75 at 3–5; ECF No. 81 at 1–3.) As noted, BANA asserts claims for declaratory relief, breach of NRS § 116.1113, and wrongful foreclosure against the HOA.

The Court deems BANA's claim for declaratory relief as connected to its substantive second claim for quiet title—not specifically asserted against the HOA—because a declaratory relief claim is not a standalone cause of action.[4] (ECF No. 1 at 7-12.) The Court additionally finds, as BANA argues (ECF No. 77 at 3–6), that BANA's claim for quiet title is subject to a five-year statute of limitations and is therefore not time-barred because this action was initiated on June 6, 2016—within three years of the HOA Sale. *See, e.g.*, *U.S. Bank Home Mortg. v. Jensen*, No. 3:17–cv–00603–MMD–VPC, 2018 WL 3078753, at * 4 (D. Nev. June 20, 2018).

Further, BANA's two other claims against the HOA—for breach of NRS § 116.1113 and wrongful foreclosure—are asserted in alternative to BANA's request for declaratory relief/quiet title under the Federal Foreclosure Bar (ECF No. 1 at 12–15, 16–17). Thus, because the Court concludes below that BANA's DOT was not extinguished by the HOA Sale and accordingly grants BANA's request for declaratory relief, the Court does not address the parties' non-Federal Foreclosure Bar arguments.

///

---

[4]*See JP Morgan Chase Bank, N.A. v. Williston Inv. Grp., LLC*, No. 2:16-CV-2874 JCM (GWF), 2017 WL 3299041, at *2 (D. Nev. Aug. 1, 2017) ("[D]eclaratory judgment is a form of relief and not itself an independent claim, particularly where the factual and legal allegations asserted in support of this claim are largely reproduced in plaintiff's claim for quiet title."); *see also* (ECF No. 75 at 13 (HOA arguing that declaratory relief is not a cause of action and because BANA's substantive claims fail, the declaratory relief claim also fails).)

## C. Federal Foreclosure Bar

BANA argues that its DOT was protected from extinguishment under the Federal Foreclosure Bar because Fannie Mae was under FHFA's conservatorship as of 2008 and the FHFA did not consent to foreclosure (ECF No. 76-16). (ECF No. 76.) The Court agrees. This Court has found the Federal Foreclosure Bar protects Fannie Mae's property interests from extinguishment in numerous cases with materially indistinguishable facts. *See, e.g.*, *Nationstar Mortg. LLC v. East Trop 2073 Trust ("East Trop")*, 2:17-cv-01769-MMD-CWH, 2019 WL 469897 (D. Nev. Feb. 6, 2019); *1209 Village Walk Trust, LLC v. Broussard ("Broussard")*, No. 2:16-cv-01903-MMD-PAL, 2019 WL 452728 (D. Nev. Feb. 4, 2019); *Jensen*, 2018 WL 3078753; *Springland Vill. Homeowners Ass'n v. Pearman*, No. 3:16-cv-00423-MMDWGC, 2018 WL 2018 WL 357853 (D. Nev. Jan. 10, 2018). The Court draws the same conclusion here and finds that BANA's DOT was not extinguished by the HOA Sale and therefore continues to encumber the Property.

The HOA expressly indicates that it does not challenge the applicability of the Federal Foreclosure Bar because the relevant property interests do not concern the HOA. (ECF No. 81 at 3–4.) Nonetheless, the HOA as well as Thunder and LVDG ("Purchasing Defendants") make the following relevant arguments—which do not alter the Court's finding.

First, these Defendants essentially argue that the HOA Sale was valid because it accorded with the requirements of Nevada's foreclosure statute, NRS § 116.3116, and Purchasing Defendants further contend that consequently the HOA Sale presumptively extinguished the DOT. (ECF No. 75 at 5–9; ECF No. 78 at 9–12.) However, because the Federal Foreclosure Bar preempts the state foreclosure statute the fact of compliance with that statute does not overcome the applicability of the Federal Foreclosure Bar. *See, e.g.*, *Berezovsky*, 869 F.3d at 930–31 ("As the two statutes impliedly conflict, the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision."); *Saticoy Bay LLC Series 9641 Christine View v. Federal Nat'l Mortg. Ass n,* 417 P.3d 363, 367–68 (Nev. 2018) (holding that the Federal Foreclosure Bar preempts NRS § 116.3116 because the

Nevada statute directly conflicts "with Congress's clear and manifest goal to protect Fannie Mae's property interest while under the FHFA's conservatorship from threats arising from state foreclosure law"). Accordingly, any presumption of extinguishment under the state statute is invalid in this context.

Purchasing Defendants next argue that the Federal Foreclosure Bar does not apply here because the DOT was *not recorded* as assigned to Fannie Mae until after the June 6, 2013 HOA Sale, contrary to the requirements of Nevada's recording statutes, and thus BANA cannot overcome LVDG's status as a bona fide purchaser. (ECF No. 78 at 12, 18–24.) The Ninth Circuit has rejected Purchasing Defendants' recording argument. *See Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018) (stating that the Housing and Economic Recovery Act, 12 U.S.C. § 4511 *et seq.* "does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship"); *see also East Trop*, 2019 WL 469897, at * 3 ("The applicability of the Federal Foreclosure Bar is based on Fannie Mae's unextinguished property interest—not on whether the HOA has notice . . . Fannie Mae's property interest is therefore enforceable even if the HOA had no notice of such interest where [BANA], as servicer of the Loan, appears as the record beneficiary of the DOT."); *SFR Invs. Pool 1, LLC v. Green Tree Servicing, LLC*, 432 P.3d 718 (Table), 2018 WL 6721370, at * 2 (Nev. 2018) (finding the failure-to-record-interest argument relying on NRS 106.210, as here (ECF No. 78 at 20), "proceeds from a flawed premise"). This Court has also concluded that "the Federal Foreclosure Bar preempts Nevada's bona fide purchaser statute." *Jensen*, 2018 WL 3078753, at * 5.

Purchasing Defendants further contend that BANA fails to sufficiently prove that Fannie Mae owned the DOT because the evidence in that regard—Babin's affidavit and Fannie Mae's business records—is merely self-servicing and there is no recorded evidence in support of such ownership. (ECF No. 78 at 12–16.) However, the evidence of Babin's declaration, Fannie Mae's business records and other documents, such as the

7

FHFA's Statement and Fannie Mae's servicing guide, have repeatedly been found as sufficient evidence establishing Fannie Mae's property interest for purposes of the Federal Foreclosure Bar. *See, e.g., Berezovsky*, 869 F.3d at 932–33 & n.8 & n.9; *Williston Invs. Grp. v. JPMorgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) (confirming that *Berezovsky* held that an Enterprise's business records and a supporting declaration are "sufficient" to show an Enterprise's property interest for purposes of summary judgment); *see also Broussard*, 2019 WL 452728, at *2 (granting summary judgment under the Federal Foreclosure Bar based on the same kind of evidence presented here).

Relatedly, Purchasing Defendants argue that Fannie Mae held no enforceable property interest at the time of the HOA Sale. (ECF No. 78 at 16–18.) However, as indicated, Babin's affidavit and Fannie Mae's business records establish the contrary.

Finally, Purchasing Defendants argue that even if Fannie Mae had a property interest at the time of the HOA Sale, that interest cannot be "asserted" against LVDG and Thunder as bona fide purchasers. (ECF No. 78 at 24–29.) This argument is essentially an amalgamation, or extension, of Purchasing Defendants' arguments which the Court has already addressed and found unavailing. (*See id.* (arguing issues pertaining to recordation).)

In sum, the Federal Foreclosure Bar applies here and the Court therefore grants BANA's motion for summary judgment.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that BANA's motion for summary judgment (ECF No. 76) is granted. The Court declares that the HOA Sale did not extinguish the DOT and therefore it continues to encumber the Property.

///

It is further ordered that BANA's claims for breach of NRS § 116.1113 and wrongful foreclosure are dismissed as moot. Accordingly, the HOA's motion for summary judgment (ECF No. 75)—chiefly seeking judgment on BANA's claims for breach of NRS § 116.1113 and wrongful foreclosure—is denied as moot.

It is further ordered that BANA's claim for injunctive relief against Thunder is dismissed as moot.

It is further ordered that the Clerk of the Court enter judgment in favor of BANA and close this case.

DATED THIS 25th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE